UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEITH RICHARD HARRIS,

    Plaintiff,

vs.                              Case No. 2:03-cv-00657-VMC-SPC

DAVID RODRIGUEZ, individually,

    Defendant.
_____/

## ORDER

This cause comes before the Court pursuant to the Motion in Limine With Regard to the Criminal History of the Plaintiff (Doc. #51), filed by Plaintiff, Keith Richard Harris. Defendant, David Rodriguez, filed a response in opposition. (Doc. #57.) For the reasons stated herein, Harris' Motion in Limine is DENIED in part and GRANTED in part.

I.    DISCUSSION

On October 16, 2002, Harris was traveling from Fort Myers, Florida, to Miami, Florida. (Doc. #17 at 18, ¶¶1-9; Ex. 2.) The vehicle Harris was driving was a former Florida Highway Patrol (FHP) vehicle. (Doc. #17, Ex. 2.) Rodriguez submitted the vehicle's license plate and VIN for verification and was informed by his radio dispatcher that the license plate was a dealer tag assigned to a Miami auto dealer and that the VIN showed the vehicle was registered to the Florida Department of Highway and Motor

Vehicles, Division of the Florida Highway Patrol. (Doc. #17, Ex. 2.)

Rodriguez then initiated contact with Harris and submitted Harris' driver's license number to the radio dispatcher to run a check. (Doc. #17 at 25, ¶¶19-24.) The radio dispatcher informed Rodriguez that Harris was on supervised release, that he had a criminal history involving fraud and violence, and that Harris was a sex offender. (Doc. #17 at 26, ¶¶3-12; Ex. 2.) The information available to Rodriguez on the laptop computer in his patrol car revealed that Harris was a sex offender on supervised release and showed that Harris had been convicted of sexual assault and kidnaping. (Doc. #17, Ex. 5.)

Rodriguez then handcuffed Harris for his "own personal safety," and searched Harris' vehicle. (Doc. #17 at 26, ¶¶18-25; Ex. 2.) Thereafter, Harris was placed under arrest, accused of violating § 321.03, Florida Statutes, "Imitations Prohibited". Plaintiff was released from custody the same day and was not charged with a violation of § 321.03. Harris would, however, later be charged with a violation of Fla. Stat. § 843.085(2), "Unlawful Use of Police Badges or Other Indicia of Authority". (Doc. #17, Ex. 2.)

Harris moves the Court for an Order that testimony regarding his criminal record be limited to the fact that he was on parole for a felony at the time of his arrest on October 16, 2002. (Doc.

#51 at 1.) Harris argues that any facts regarding his prior convictions are irrelevant and inadmissible because Rodriguez was not aware of these facts and did not possess Harris' police records at the time of the arrest. (Doc. #51 at 1.) Rodriguez contends that testimony and evidence regarding Harris' criminal history is relevant and admissible under Fed.R.Evid. 404(b) as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. (Doc. #57 at ¶¶8 and 15.)

Evidence that has any tendency to make the existence of any fact at issue more or less probable than it would be without the evidence is relevant evidence. Fed.R.Evid. 401. The admission of evidence of other crimes, wrongs, or acts is governed by Fed.R.Evid. 404(b) which states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Such evidence will be admissible if its probative value is not substantially outweighed by its undue prejudice and meets the other requirements of Fed.R.Evid. 403. See Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1105 (11th Cir. 2005); United States v. Breitweiser, 357 F.3d 1249, 1254 (11th Cir. 2004), cert. denied, 124 S.Ct. 2829 (2004). Under Fed.R.Evid. 403, relevant evidence "may be excluded if its probative value is substantially outweighed

by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Harris alleges that his arrest on October 16, 2002, was without probable cause in violation of his Fourth Amendment rights. (Doc. #1 at ¶¶42-3.) Rodriguez counters by arguing that he acted "in good faith with reasonable suspicion and/or probable cause." (Doc. #7 at ¶46.) At the time he arrested Harris on October 16, 2002, Rodriguez knew that Harris had a criminal history involving fraud and violence, was a sex offender on supervised release, and had convictions for sexual assault and kidnaping. (Doc. #17, Ex. 2; Ex. 5.) The information regarding Harris' criminal history which Rodriguez was aware of at the time he arrested Harris is highly probative of a determination as to whether probable cause existed.

For probable cause to have existed for Harris' arrest, the arrest must have been reasonable based on the totality of the circumstances known to Rodriguez. See Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004). The standard for probable cause is "met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing,

-4-

or is about to commit an offense." See Id.; Durruthy v. Pastor, 351 F.3d 1080, 1088 (11th Cir. 2003).

A proper limiting instruction will be sufficient to prevent the jury from considering this evidence for purposes other than for that which it is being offered. See Huddleston v. United States, 485 U.S. 681, 691-92 (1988); United States v. Diaz-Lizaraza, 981 F.2d 1216, 1225 (11th Cir. 1993).

Harris argues that any of the facts regarding his prior convictions are irrelevant and inadmissible because Rodriguez did not possess this information at the time of the arrest and that such facts are being offered solely to prejudice the jury. (Doc. #51 at 1.) Rodriguez argues that this similar extrinsic acts evidence is relevant and admissible because there is a disputed issue as to whether a gold badge was present in Harris' vehicle on October 16, 2002. (Doc. #57 at ¶4.)

The violation report form regarding Harris' prior convictions states that Harris effected a traffic stop on a vehicle by using a red flashing light. (Doc. #15, Ex. E.) Once the vehicle had pulled over, Harris flashed a silver badge and told the driver he was under arrest. (Doc. #15, Ex. E.) This similar acts evidence of Harris' prior convictions is being offered for a purpose other than proving character. The facts regarding Harris' prior convictions, as they relate to the use of a badge, are relevant to prove motive, opportunity, plan, knowledge, or absence of mistake

or accident. Whether Harris had a gold badge at the time of his arrest is a material issue in this case because Harris claims not to have had a gold badge in his possession. (Doc. #33 at ¶8.)

A proper limiting instruction will be sufficient to prevent the jury from considering this evidence for purposes other than that for which it is being offered. See Huddleston, 485 U.S. at 691-92; Diaz-Lizaraza, 981 F.2d at 1225.

The violation report form regarding Harris' prior convictions further states that Harris handcuffed the driver, placed him in his car, and drove to a parking lot where he sexually assaulted the individual. (Doc. #15, Ex. E.) These facts are not admissible as similar acts evidence because they are not relevant to prove motive, opportunity, plan, knowledge, or absence of mistake or accident. The danger of unfair prejudice from admitting these facts substantially outweighs their probative value.

Rodriguez also contends that Harris lied at his deposition[1] regarding his prior convictions and that evidence of these prior acts is admissible for impeachment purposes. (Doc. #57 at ¶¶11-13; 16-17.)

Subject to Fed.R.Evid. 403, evidence of Harris' prior convictions will be admissible if: (1) the convictions were for crimes punishable by death or imprisonment in excess of one year,

---

[1] Rodriguez states that Harris' deposition transcript is filed with the Court. However, Harris' deposition transcript does not appear as part of the record.

(2) less than ten years has elapsed since the date of the convictions or Harris' release from confinement for the convictions, and (3) the evidence is being used to attack Harris' credibility. Fed.R.Evid. 609; see United States v. Burston, 159 F.3d 1328, 1335 (11th Cir. 1998). These requirements are met as to Harris' convictions in 1982 for attempted sexual battery, kidnaping, and possessing a weapon during the commission of a felony. (Doc. #15, Ex. E.) Harris received a forty-five year sentence, but was paroled in 1999. (Doc. #15, Ex. E.) Harris and Rodriguez have conflicting versions of the same events, therefore, credibility is at issue in this matter.

The "implicit assumption" of Fed.R.Evid. 609 is that prior felony convictions have probative value, and their probative value will likely vary depending on the nature and number of the prior convictions. See Burston, 159 F.3d at 1335-36. As such, impeachment evidence admitted under Fed.R.Evid. 609 will be limited to the nature and number of the prior convictions. Id. at 1336. The nature and number of Harris' prior convictions is relevant for impeachment and such evidence does not create a substantial danger of prejudice, confusion, or delay.

Therefore, to the extent that they qualify under Fed.R.Evid. 403, evidence as to the nature and number of Harris' prior convictions will be admissible for impeachment purposes.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion in Limine With Regard to the Criminal History of the Plaintiff (Doc. #15) is hereby DENIED in part and GRANTED in part.

**DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this 11th day of May, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All counsel of record