## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

KEITH RICHARD HARRIS

               Plaintiff,

-vs-                                   Case No.  2:03-cv-657-FtM-29SPC

DAVID RODRIGUEZ

               Defendant.

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This matter comes before the Court on the Defendant David Rodriquez's Motion for Costs and Attorney's Fees (Doc. # 106) filed on September 7, 2005.  The Plaintiff filed suit under § 1983 alleging false arrest and further that the Defendant violated his Constitutional Rights.  The case went to trial by jury and on August 26, 2005, after a three day trial, the jury returned a verdict in favor of the Defendant.  The Defendant now moves for attorney's fees and costs pursuant to Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920, Fed. R. Civ. P. 68, and 42 U.S.C. § 1988.

### (1) Attorney's Fees Under 42 U.S.C. § 1988

      The Defendant seeks $25,509.00 in attorney's fees pursuant to 42 U.S.C. § 1988.  Section 1988(b) reads in pertinent part:

> [i]n any action or proceeding to enforce a provision of sections 1981, 1981(a), 1982, 1983,1985, and 1986 of this title IX of Public Law 92-318 [20 U.S.C. § 1681 *et seq.*], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb *et seq.*], the Religious Land Use and Institutional Persons Act of 2000 [42 U.S.C. § 2000cc *et seq.*], title VI of the Civil Rights Act of 1964 [42 U.S.C. § 2000d *et seq.*],  or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a

> reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

42 U.S.C. § 1988(b).

Under the American rule, United States court's follow a general practice of not awarding fees to a prevailing party in a suit. Smalbein v. City of Daytona Beach, 353 F.3d 901, 904 (11th Cir. 2003). Nevertheless, where Congress has given explicit statutory authority under fee shifting statutes, the court may award attorney's fees to the prevailing party. Id. (citing Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001)). Under § 1988(b), Congress enumerated § 1983 as one of these fee shifting statutes and thus, the Defendant may seek fees under § 1988(b). Smalbein, 353 F.3d at 904.

For a defendant to recover attorney's fees under § 1988(b), the Court must find that the Plaintiff's case was frivolous, unreasonable, or groundless. MacKenzie v. City of Rockledge, 920 F. 2d 1554, 1560 (11th Cir. 1991) (holding that a district court may award attorney's fees to a prevailing defendant upon a finding that the plaintiff's lawsuit was frivolous or without foundation); Bennett v. Cramer, 495 F. Supp. 191, 192-193 (E.D. Wis. 1980) (holding that a prevailing defendant in a § 1983 action is not to be awarded attorneys fees under § 1988(b) unless the plaintiff's claim was frivolous, unreasonable, or groundless). In Sullivan v. School Board of Pinellas County, 773 F.2d 1182, 1189 (11th Cir. 1985), the Eleventh Circuit established a three prong test for the Court to use to determine whether or not to assess attorney's fees to a prevailing defendant. 773 F.2d 1182, 1189 (11th Cir. 1985). Under Sullivan, the district court must examine whether the plaintiff established a prima facie

case, whether the defendant offered to settle, and whether or not the trial court dismissed the case prior to trial or held a full-blown trial on the merits. Quintana v. Jenne, 414 F.3d 1306, 1309 (11th Cir. 2005) (applying the standards from Sullivan, to a § 1988(b) motion for attorneys fees by a prevailing defendant); Turner v. Sungard Business Systems, Inc., 91 F.3d 1418, 1422 (11th Cir. 1998) (citing Sullivan, 773 F.2d at 1189).

(a) Whether the Plaintiff Established a Prima Facie Case

While the general guidelines established in Sullivan v. School Board of Pinellas County can be discerned from the case law, they are general guidelines only, not hard and fast rules. 773 F.2d at 1189. Determination regarding frivolity are made on a case by case basis. Id. In order for a case to be frivolous, it must be so lacking in arguable merit as to be groundless or without foundation. Id. at 1188-1190. Typically a case is found to be frivolous when a plaintiff does not introduce any evidence in support of their claim. Ruszala v. Walt Disney Co., 132 F. Supp. 2d 1347, 1351 (M.D. Fla. 2000). To award attorney's fees to defendants in a suit brought under § 1983 of this title, the plaintiff's actions must be meritless in the sense that it is groundless or without foundation. Hughes v. Rowe, 449 U.S. 5, 14, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980). In this case, the Plaintiff's case survived the Defendant's Motion for Summary Judgment. The District Court held that there were sufficient disputed facts for the action to proceed to trial. (Doc. # 55). The fact that the plaintiff ultimately lost his case is not sufficient justification to award a fee. Hughes, 449 U.S. at 14. Based upon the District Court's findings, this Court must conclude that there was sufficient evidence presented to prevent a finding that the case was frivolous. Thus, the Court finds that the Plaintiff established a prima facie case.

(b) Whether the Defendant Offered to Settle

The Defendant argues that he offered to settle the case before trial, on several different occasions. The Plaintiff refused to settle his complaint and therefore the Defendant concludes that because the Plaintiff rejected the Defendant's offer of judgment and continued to pursue his claim, that his claim was rendered frivolous. Under the factors enunciated in Sullivan, the fact that the Defendant offered to settle, even if nominal, is a factor weighing in favor of the Plaintiff's claim. Sayers, 140 F.3d at 1354. Thus, the Defendant's argument lacks merit and he failed to establish the second prong of the Sullivan test.

(c) Whether or not the Trial Court Dismissed the Case Prior to Trial or Held a Full-Blown Trial on the Merits

The issue went to trial for three days before a jury with verdict in favor of the Defendant issued on August 25, 2005. The Defendant argues that since the verdict was unanimous in his favor, it establishes that the Plaintiff's case was frivolous. However, as noted previously in this R & R, the fact that the plaintiff ultimately lost his case is not sufficient justification to award attorneys fees. Hughes, 449 U.S. at 14.

Thus, based upon the criteria outlined in Sullivan, the Plaintiff has failed to establish the facts necessary for the Court to grant attorney's fees under § 1988(b).

*(2) Fed. R. Civ. P. 68*

The Defendant argues that he made an offer of judgment prior to going to trial and thus under Fed. R. Civ. P. 68 the Court must award him attorney's fees and costs. Rule 68 reads in pertinent part:

> [a]t any time more than 10 days before the trial begins, a party
> defending against a claim may serve upon the adverse party an offer to allow

judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs accrued.  If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.  An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs.  If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the cost incurred after the making of the offer.  The fact that an offer is made but not accepted does not preclude a subsequent offer.

Fed. R. Civ. P. 68.  An offer of judgment must be for a specified dollar amount or for specified property. Basha v. Mitsubishi Motor Credit of America, Inc., 336 F.3d 451, 455 (5th Cir. 2003) (holding that an offer that proposed settlement but did not quantify damages and therefore did not meet Rule 68 requirements).  The Rule only allows for costs incurred after the offer for a specific amount was tendered and rejected. Fed. R. Civ. P. 68.  However, if an opponent of a claim makes an offer of judgment that is not accepted and the offeror then wins the case, Rule 68 has no effect. Delta Air Lines, Inc. v. August, 450 U.S. 346, 366 n. 5, 101 S. Ct. 1146, 67 L. Ed. 2d 287 (1981). Nothing in Rule 68 requires the prevailing defendants to receive attorney's fees as part of their costs when a Plaintiff rejects an offer of judgment and then ultimately loses on the merits. Id. (citing Christianburg Garment Co., v. EEOC, 434 U.S. 412, 421, 98 S. C.t. 694, 54 L. Ed. 2d 648 (1978) (holding that a prevailing defendant is entitled to attorney's fees only if the case is frivolous, unreasonable, or without foundation)); Payne v. Milwaukee County, 288 F.3d 1021, 1025 (7th Cir. 2002) (holding that Rule 68 would have no application had not the Plaintiff prevailed in some significant sense); Amati v. City of Woodstock, 176 F.3d 952, 957 (7th Cir. 1999), cert denied 528 U.S. 985, 120 S. Ct. 445, 145 L. Ed. 2d 362 (1999) (holding that Rule 68 bites only when the Plaintiff wins but wins less than the defendant's offer of judgment)); MRO Communications, Inc. v. AT&T Corp., 197 F.3d 1276, 1280 (9th Cir. 1999), cert. denied 529 U.S. 1124, 120 S. Ct. 1995,

146 L. Ed. 2d 820 (2000) (holding that under Delta Air Lines Rule 68 is inapplicable in a case in

which the defendant prevails)); Louisiana Power and Light Co. v. Kellstrom, 50 F.3d 319,333 (5th

Cir. 1995), *cert denied* 516 U.S. 862, 116 S. Ct. 173, 133 L. Ed. 2d 113 (1995) (holding that if a

plaintiff takes nothing . . . Rule 68 does not apply)).  Thus, as the prevailing party in this case, the

Defendant is not entitled to attorney's fees under Rule 68.

### *(3) Fed. R. Civ. P. 54(d)*

The standards for determining whether a party is entitled to an award of costs under Rule

54(d) are the same for determining whether a prevailing party is receiving fees under 42 U.S.C. §

2000e-5(k). Stewart v. Town of Zolfo Springs, 1998 WL 776848 *2 (M.D. Fla. September 16, 1998)

(citing Henley v. Eckert, 461 U.S. 424, 433 n. 7, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).   The

recovery under Rule 54(d) is, however, limited to the specific costs allowed under 28 U.S.C. § 1920.

Id. These are known as recoverable statutory costs. Id.  Any expenses beyond recoverable statutory

costs or the fees awarded to compensate for an attorney's time should be pursued under 42 U.S.C.

§ 2000e-5(k). Id.  Such expenses are known as non-statutory and are subsumed within the concept

of a reasonable attorney's fees. Id. (citing Allen v. Freeman, 122 F.R.D. 589, 591 (S.D. Fla. 1988).

Thus, the Court will address the Defendant's Motion for Costs under § 1920.

### *28 U.S.C. § 1920*

Based upon the language of statute the Defendant is entitled to costs under § 1920.

Twenty Eight U.S.C. § 1920 reads in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the
> following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic
> transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained
for the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of
interpreters, and salaries, fees, expenses, and costs of special interpretation
services under section 1828 of this title.

The defendant submitted a detailed list of costs totaling $9,310.61. Included in the

Defendant's costs are fees for the expert witness William T. Gaut. The Defendant submitted fees for

Gaut on June 2, 2005, for $1,500.00, on June 30, 2005, for $3,650.00 and on September 5, 2005 for

$1,775.00, for a total of $6,925.00. Under § 1920, the Defendant is only entitled to expert fees of

court appointed experts. Under 28 U.S.C. § 1821(b), an expert witness is treated as any other witness

attending court or a deposition and shall be paid a $40.00 attendance fee plus travel expenses.

Artisan Contractors Assoc. Of America v. Frontier Ins. Co., 275 F.3d 1038, 1040 (11th Cir. 2001)

(holding that pursuant to § 1920 expert witness fees for the prevailing party are limited to $40.00 per

day). In this case, the Court did not appoint Gaut and thus, the Defendant is only entitled to the

standard $40.00 per day witness fee for depositions and trials. The records submitted by the

Defendant shows that Gaut was in attendance at the trial on August 25, 2005, and thus it is

respectfully recommended that the Defendant be compensated for $40.00 for that day and that the

remaining $6,885.00 be disallowed. The remaining costs listed by the Defendant which comply with

§ 1920 should be paid by the Plaintiff.

Accordingly, it is now

**RESPECTFULLY  RECOMMENDED:**

The Defendant David Rodriquez's Motion for Costs and Attorney's Fees (Doc. # 106) should

be **GRANTED in part and DENIED in part.**

(1) The Defendant's Request for Attorney's Fees and Costs Pursuant to 42 U.S.C. § 1988 should be **DENIED**.

(2) The Defendant's Request for Attorney's Fees and Costs Pursuant to Fed. R. Civ. P. 68 should be **DENIED**.

(3) The Defendant's Request for Costs Pursuant to Fed. R. Civ. P. 54(d), should be **DENIED**.

(4) The Defendant's Request for Costs Pursuant to 28 U.S.C. § 1920 should be **GRANTED** with the exception $6,885.00 disallowed for the expert fees submitted for William T. Guat, otherwise payment should be granted in the amount of **$2,425.61.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this __8th__ day of November, 2005.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record